09-2563-ag
Zheng v. Holder

BIA
Weisel, IJ
A079 453 130

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18TH day of March, two thousand ten.

PRESENT:

ROBERT D. SACK,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

LIN-QIU ZHENG,
                    *Petitioner,*

        v.                                  09-2563-ag

                                            NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
                    *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Aimee J. Frederickson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Lin-Qiu Zheng, a native and citizen of the People's Republic of China, seeks review of a May 20, 2009, order of the BIA affirming the July 18, 2007, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin-Qiu Zheng* No. A079 453 130 (BIA May 20, 2009), *aff'g* No. A079 453 130 (Immig. Ct. N.Y. City July 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005) The applicable standards of review are well-established. See 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009).

Petitioner argues that the IJ did not make an explicit credibility determination, and that this failure warrants

2

remand. We conclude, however, "that the IJ's analysis in the present case was sufficient to qualify as an explicit credibility finding." Zaman v. Mukasey, 524 F.3d 233, 237 (2d Cir. 2008)(internal quotation marks omitted); see also Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285-86, (1974) (providing that the Court "will uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned").

Moreover, we find that substantial evidence supports the IJ's adverse credibility finding. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam). The IJ questioned Zheng's credibility because, among other reasons: (1) information in the Department of State's Country Report conflicted with Zheng's testimony that authorities asked his grandmother to convince him to return to China to face punishment; (2) despite his alleged fear, he delayed in filing a motion to reopen for over two years; (3) although he testified that he began practicing Falun Gong to cure his depression in February 2004, he claimed that he initially became depressed in April 2003.

3

The REAL ID Act permits an IJ to consider any discrepancy when making a credibility determination. See Xiu Xia Lin, 534 F.3d at 168; see also 8 U.S.C. § 1158(b)(1)(B)(iii). Further, under the REAL ID Act, an IJ may consider the plausibility of the petitioner's testimony in considering the question of credibility. Here, the IJ reasonably found Zheng's corroborative evidence implausible. Because each of Zheng's claims was based on the same factual predicate, the IJ properly denied his application for asylum, withholding of removal, and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk